## PETITFILS v. COMMISSIONER OF INTERNAL REVENUE.

### No. 6987.

Circuit Court of Appeals. Ninth Circuit.

March 27, 1933.

Claude I. Parker, John B. Milliken, and George H. Koster, all of Los Angeles, Cal. (Bayley Kohlmeier, of Los Angeles, Cal., and L. A. Luce, of Washington, D. C., of counsel), for petitioner.

Sewall Key and John H. McEvers, Sp. Assts. to the Atty. Gen. (C. M. Charest, Gen. Counsel, and John E. Marshall, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before WILBUR, SAWTELLE, and MACK, Circuit Judges.

SAWTELLE, Circuit Judge.

This petition involves an asserted deficiency in petitioner's income tax for the year 1923, taxable under the Revenue Act of 1921, § 202 (42 Stat. 227, 229), as amended by the Act of March 4, 1923 (42 Stat. 1560).

From 1914 to 1923 petitioner, as an individual, operated a café and confectionery business in Los Angeles, Cal., under the name of "Petitfils." In 1919 he procured a ten-year lease on the premises in which the business was conducted, which lease provided that it could not be assigned without the written consent of the lessor. In 1921 or 1922 he

began to use the name "Petitfils Confiserie" as a trade-mark on candy boxes, and placed a sign with that name on it over the door of his establishment. In June, 1922, in consideration of an increased rental, petitioner secured the consent of his lessor to an assignment of the lease to Petitfils Confiserie, Inc., a corporation which he contemplated organizing to take over his business.

May 4, 1923, petitioner caused to be filed in the office of the secretary of state of California articles of incorporation of W. M. Petitfils, Inc. The articles provided for a capital stock of $500,000, divided into 5,000 shares, and named petitioner and his wife and sister as directors, each of whom subscribed for one share of the capital stock.

May 8, 1923, petitioner offered to transfer his business and assets to W. M. Petitfils, Inc., in exchange for $450,000 capital stock of the corporation. May 9, 1923, this offer was accepted, as follows: "We hereby accept the offer made by you to this corporation under date of May 8th, 1923, and agree to issue $450,000 par value of the capital stock of this corporation to you, or your nominees, when permission so to do is obtained from the Commissioner of Corporations of the State of California."

It is stipulated that the permit to issue this stock was not granted by the commissioner of corporations until several months after May, 1923. This transaction was recorded on petitioner's books as of April 30, 1923, and on the books of W. M. Petitfils, Inc., as of May 1, 1923, and the corporation immediately took over the operation of the café and confectionery business.

May 15, 1923, petitioner wrote to W. M. Petitfils, Inc., as follows:

"Under the terms of the lease which I have on the property known as 613-15 South Broadway, Los Angeles [where petitioner's confectionery business was conducted] there is a provision that the lease is not assignable to anyone without the consent of the lessor except to a corporation to be known as Petitfils Confiserie.

"Without either of us noticing that provision, your corporation and myself entered into a contract, as evidenced by my offer of May 8th, 1923, and your acceptance of May 9th, 1923, by the terms of which I agreed to convey to you certain assets, including said lease and business at that location.

"In order that the consent of the lessor will not have to be obtained to make the assignment to you, which I am sure will only be obtained for quite a sum of money, we are now organizing a corporation under the name of Petitfils Confiserie, for the purpose of acquiring said business and lease from me, and I am writing to inquire if it will be satisfactory to your corporation to have me offer to transfer, sell and assign said business and lease to such corporation to be known as Petitfils Confiserie, for the consideration of $315,000 par value of the capital stock of that corporation and a promissory note of that corporation payable to me in the principal sum of $250,000, which stock and note, when received by me, will of course be your property, in accordance with our agreement."

May 16, 1923, the board of directors of W. M. Petitfils, Inc., adopted a resolution accepting petitioner's proposal, as outlined in his letter of May 15, provided that petitioner would execute a declaration of trust "showing that what you transfer to Petitfils Confiserie, a corporation, is really our property, and that what you receive from that corporation will be our property, and also that you will make the conveyance of what you receive upon our demand."

May 18, 1923, articles of incorporation of Petitfils Confiserie were filed with the secretary of state, providing for a capital stock of $2,000,000, divided into 20,000 shares.

May 24, 1923, petitioner wrote Petitfils Confiserie as follows:

"I am the owner of the business which I have been conducting at 613-615 South Broadway, Los Angeles, California, under the name of Petitfils, and I hereby offer to transfer, sell and assign the same, together with all fixtures, merchandise, equipment, lease, good-will, and all other rights and assets thereof, and with all of which you are familiar, to you for $250,000 plus 3150 shares of the capital stock of your corporation, fully paid.

"The first money received from the sale of your stock, after the commissions and other expenses of such sale are paid, shall be applied upon the payment of said note.

"I will transfer and assign said assets to you upon your acceptance of this offer, the receipt by me of said stock, and a promissory note signed by your corporation, due on demand, in the said sum of $250,000, without interest, and providing for the payment of attorney's fees in case suit is instituted."

On the same day, the Brown Candy Corporation, operating in Los Angeles, also offered to transfer its business, leases, and assets, including good will, to Petitfils Confiserie in exchange for 5,000 shares of the capital stock of Petitfils Confiserie, fully

paid. May 25, 1923, petitioner's offer and the offer of the Brown Candy Corporation were accepted by Petitfils Confiserie according to the terms thereof.

Some time prior to June 18, 1923, the commissioner of corporations authorized the issuance of the capital stock of Petitfils Confiserie, and on June 18 there was recorded on the books of W. M. Petitfils, Inc., the transaction transferring its business and assets to Petitfils Confiserie in exchange for 3,150 shares of the capital stock of Petitfils Confiserie and the note of the latter for $250,000.

June 18, 1923, pursuant to the previous agreement, petitioner executed a declaration of trust in which he declared that he had received, as trustee for W. M. Petitfils, Inc., 3,150 shares of the capital stock of Petitfils Confiserie and the note of that corporation for $250,000; that the stock and note are the property of W. M. Petitfils, Inc., and that petitioner paid nothing therefor, and at no time had any interest therein except as trustee for W. M. Petitfils, Inc.

June 21, 1923, petitioner assigned to Petitfils Confiserie the lease on the premises in which the confectionery business was conducted.

The income from the operation of the confectionery business from January 1, 1923, to May 1, 1923, was reported by petitioner in his individual tax return for 1923. The income from the business from May 1, 1923, to June 17, 1923, was reported by W. M. Petitfils, Inc. The Commissioner increased petitioner's net income for 1923 by $169,721.81, which sum he found to represent profit from the sale of petitioner's assets to Petitfils Confiserie. This determination gave rise to the deficiency here in suit.

The determination of the Commissioner that petitioner had received taxable income from the transactions involved was affirmed by the Board of Tax Appeals. 24 B. T. A. 1090.

The sole question here presented is whether petitioner sold the business and property involved directly to Petitfils Confiserie, or whether he transferred it to W. M. Petitfils, Inc., and the latter corporation sold it to Petitfils Confiserie.

Petitioner contends that, by virtue of his offer of May 8 to W. M. Petitfils, Inc., and the acceptance thereof on May 9, the property in question was sold by him to W. M. Petitfils, Inc., and by the latter corporation transferred to Petitfils Confiserie, and that the acts and conduct of the parties, at all times after the agreement of May 9, indicate that title had passed to W. M. Petitfils, Inc. In support of this contention petitioner calls attention to the fact that the transfer of the business and property by petitioner to W. M. Petitfils, Inc., was recorded in the books of the respective parties; that thereafter, and until the transfer to Petitfils Confiserie, W. M. Petitfils, Inc., operated the business, as disclosed by its income tax report; that petitioner, in his letter of May 15 to W. M. Petitfils, Inc., seeking the consent of the latter to the transfer of the property to Petitfils Confiserie, and by his declaration of trust of June 18, recognized that title to the property in question had theretofore passed to, and was then vested in, W. M. Petitfils, Inc.

It will be noted, however, that petitioner's offer of May 8 to W. M. Petitfils, Inc., was upon condition that petitioner receive $450,000 fully paid capital stock of the corporation, in exchange for the property to be transferred, and that, in accepting the offer W. M. Petitfils, Inc., agreed to issue such stock "when permission so to do is obtained from the Commissioner of Corporations of the State of California." Permission to issue the stock was not obtained until several months later, after the property in question had been transferred to Petitfils Confiserie. It will also be noted that the letters negotiating the transfer of the property to Petitfils Confiserie treated the property as that of petitioner, and not the property of W. M. Petitfils, Inc.; for instance, in the letter of May 15 to W. M. Petitfils, Inc., petitioner stated, "I agreed to convey to you," etc., and again, "In order that the consent of the lessor will not have to be obtained to make the assignment to you," etc.; and in the letter of May 24 to Petitfils Confiserie stated, "I am the owner, etc., and I hereby offer to transfer to you," and again, "I will transfer to you, etc., upon your acceptance of this offer."

We have considered all of the points raised by petitioner in support of his contention, including the declaration of trust executed by him in favor of W. M. Petitfils, Inc., but, under all of the evidence and circumstances disclosed by the record, we are of opinion that it was not the intention of the parties that title to the property in question should pass to W. M. Petitfils, Inc., prior to the receipt by petitioner of $450,000 capital stock of that corporation; and, inasmuch as the property in question was transferred to Petitfils Confiserie prior to the receipt by petitioner of the consideration mentioned, it follows that the transfer and sale of the property to Petitfils Confiserie was made by

petitioner, and not by W. M. Petitfils, Inc. Accordingly, the Commissioner correctly determined that petitioner was taxable for the profit realized by him upon the transfer of the property to Petitfils Confiserie.

Decision affirmed.